O    JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9119 AHM (SSx) | Date | March 9, 2011 |
|---|---|---|---|
| Title | THOMAS POLITZ v. BANK OF AMERICA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiff:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On November 24, 2010, Plaintiff Thomas Politz filed this action in federal court, alleging four causes of action against Defendants Bank of America (f/k/a Countrywide Bank NA), Recontrust Company, Mortgage Electronic Registration Systems ("MERS"), and various Does ("Defendants") in connection with a foreclosure proceeding on Plaintiff's residence. Plaintiff based jurisdiction on alleged federal question jurisdiction. Compl., at 3.

On January 24, 2011, Defendants Bank of America, ReconTrust Company, N.A., and MERS filed this Motion to Dismiss[1] the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff, who is pro se, failed to oppose the motion. Defendants filed a reply noting Plaintiff's non-opposition. (Dkt. 9). "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, and finding a lack of jurisdiction over Plaintiff's claims, the Court **GRANTS** Defendants' Motion.

The Complaint alleges a total of four causes of action for: (1) fraud and misrepresentation under TILA, 15 U.S.C. § 1601 et seq. and TILA's Regulation Z, 12 C.F.R. § 226; (2) violations of RESPA, 12 U.S.C. § 2601 et seq. and the FDCPA; (3) California's Rosenthal Act; and (4) fraud in violation of Cal. Civ. Code § 3294.

---

[1] Dkt. No. 6.

O      JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9119 AHM (SSx) | Date | March 9, 2011 |
|---|---|---|---|
| Title | THOMAS POLITZ v. BANK OF AMERICA, et al. | | |

Plaintiff's TILA and RESPA claims are Plaintiff's only federal causes of action.[2] Here, all TILA and RESPA claims are time-barred.

Plaintiff's RESPA claim (claim two) was filed over four years after the closing of his loan, and thus is time-barred. The statute of limitations for RESPA is one year from the occurrence of the violation for claims arising under section 2607 or 2608, and three years for violations brought pursuant to section 2605. *See* 12 U.S.C. § 2614. Plaintiff alleges that the RESPA violations occurred leading up to the signing of the loan. Compl., at 5-6, 10:15-26. The loan closed on September 29, 2006, Compl., at 5:3, and Plaintiff did not file this action until November 24, 2010, well outside of the statute of limitations. Accordingly, Plaintiff's RESPA claim (claim two) is time-barred and is therefore DISMISSED with prejudice.

Plaintiff's TILA claim (claim one) is also time-barred. *See* 15 U.S.C. §§ 1635(f) and 1640(e) (statute of limitations expires one year after date of loan closing for TILA claim for damages). Plaintiff's claim for rescission under TILA (also in claim one), Compl., at 9:11-16, is based on Defendants' failure to properly disclose the details of the loan, and is therefore time-barred. 15 U.S.C. § 1635(f) (TILA claim for rescission expires "three years after the date of consummation of the transaction"). Accordingly, Plaintiff's TILA claim (claim one) is DISMISSED with prejudice.

Therefore, because Plaintiff's federal claims must be dismissed with prejudice, the Complaint does not present a valid federal question. As such, there are no claims remaining that necessarily depend on resolution of an actual and disputed federal issue. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice to their being pursued in state court.

//

---

[2]The FDCPA is not correctly cited; instead Plaintiff cites to TILA (15 U.S.C. § 1601) for his second cause of action, and does not mention the FDCPA at all in the complaint, outside of the title of the second cause of action. Compl., at 9-10. Therefore, the Court treats the FDCPA cause of action as part of the RESPA cause of action.

O     JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9119 AHM (SSx) | Date | March 9, 2011 |
|---|---|---|---|
| Title | THOMAS POLITZ v. BANK OF AMERICA, et al. | | |

    This action is therefore DISMISSED in its entirety, but with prejudice only as to the federal (TILA and RESPA) claims.

    No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

                                                                                            :

Initials of Preparer      se